**PEDERSEN v. UNITED STATES.**

No. 19316.

United States District Court
E. D. New York.

April 6, 1954.

Olin S. Nye, New York City, for Hartford Accident & Indemnity Co. for motion.

Martin H. Kolbrener, New York City, for libelant, in opposition.

RAYFIEL, District Judge.

On October 5, 1948, an oil barge, known as Barge No. 5, owned by Seaboard Shipping Corporation, was towed alongside and made fast to the S.S. Pvt. Francis X. McGraw, a public vessel owned, controlled and manned by the respondent, for the purpose of delivering to the said vessel a quantity of fuel oil whch had been ordered by the respondent.

The libelant claims that during the said operation he was seriously injured by reason of the respondent's negligence in failing to provide him with a safe means to board the vessel and sues herein under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover damages for said injuries.

Hartford Accident and Indemnity Company seeks leave under Admiralty Rules Numbers 34 and 42, 28 U.S.C.A, to intervene and to assert its claim to a lien upon any recovery which the libelant may obtain in this action, stating inter alia, that as insurance carrier for the libelant's employer it made payments of compensation to the libelant and continued the same until October 3, 1949, at which date the payments aggregated $1810. The carrier further states that on October 5, 1949, it learned that the libelant had elected to pursue his third party remedy against the respondent herein.

On September 29, 1953, the carrier served upon the attorney for the libelant a notice to the effect that as insurer of the libelant's employer it claimed a lien under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., upon any sums recovered

by the libelant to the extent of the payments it would be required to make to the libelant thereunder.

The libelant claims that he was a seaman and hence excluded from the provisions of the said Act; that no award in compensation was ever made herein; that the payments made by the carrier to the libelant were voluntary; that as a seaman he was entitled to payments for maintenance and cure; and that for the foregoing and other reasons not here stated the payments made to the libelant are not subject to lien.

Simultaneously with this motion for leave to intervene the libelant moved to vacate the notice of lien served by Hartford Accident and Indemnity Company. This decision will serve for both motions.

Whether the libelant was a seaman or a shoreworker, and whether the payments received by him were compensation payments and subject to a lien under the aforementioned Act are questions of fact which can be best determined upon the trial of the action.

Accordingly the libelant's motion to vacate the notice of lien is denied and the application for leave to intervene is granted.

Settle order on notice.